## In re FAZAKERLY.

No. 3042.

District Court, S. D. Mississippi, Jackson Division.

May 31, 1934.

Green, Green & Jackson, of Jackson, Miss., for creditors.

E. L. Trenholm, of Jackson, Miss., for trustee.

Earl Brewer, of Jackson, Miss., for bankrupt.

HOLMES, District Judge.

Petitioners are creditors of the bankrupt, their claims have been allowed; and only a small percentage thereon has been paid, there not being sufficient assets in the estate to pay all claims in full. They seek to review an order of the referee dated October 26, 1933, to set aside an order made by the referee on June 7, 1933, which purported and undertook to release to the bankrupt, "as exempt property, free from any and all claims or rights of his said trustee in bankruptcy, or of his creditors," a certain claim or claims against Armour & Co., and others, based on alleged violations of the anti-trust laws of the United States and of the state of Mississippi, involving triple damages in the sum of $540,-000, plus attorney's fees of $50,000, or an aggregate amount of $590,000.

No such claim was listed by the bankrupt in his schedule of assets, or therein claimed by him as exempt, as it seems that he was unaware of the existence of the same until some time after his adjudication as a bankrupt. The order assailed does not purport on its face to be, and in fact is not, one authorizing the referee to disclaim title to worthless and burdensome property, or to refuse to take the same into his possession. No petition for direction or authority so to do was filed by the trustee, or by any one else, and no written petition of any kind was filed by any one praying for the order that was actually entered. Creditors were given no notice whatever, but the trustee and his attorney were consulted and made no objection, their attitude being one of unwillingness to involve the estate in litigation of a protracted and expensive character, upon claims of doubtful value. The trustee pursued a policy of hands off. Under advice of his attorney, who refused to draw the order, the trustee refused to apply to the court to grant it, but orally advised the court that he had no objection to it.

In the circumstances which surrounded the referee, upon a proper application and notice, an order to the trustee to abandon the

964

claims as property burdensome to the estate may have been fully warranted, and possibly would have been entered by him; but no such order was applied for or granted. The order, for whose phraseology no one professes responsibility, was presented to the referee by the attorney for the bankrupt in the subsequent litigation on the claims, and was entered by the referee, believing it to be for the best interests of the estate. The order is plain and unambiguous; it is unnecessary to look beyond its four corners to determine its purpose, scope, and effect. It is not one authorizing the trustee to disclaim title to worthless and burdensome property. It recites that the trustee has declined to prosecute the suit on behalf of the estate and has consented to the release of said claim to the bankrupt, and "has relinquished all his interest as such trustee in said claim or claims, as exempt property, to said bankrupt"; and then proceeds to the effective part of the order, as follows: "It is therefore ordered and adjudged that all claims or causes of action that said bankrupt has or might have against Armour & Company and other parties by reason of alleged violation of the anti-trust laws of the state and nation be, and are hereby, fully and completely released to said bankrupt, as exempt property, free from any and all claims or rights of his said trustee in bankruptcy, or of his creditors."

As the property was not exempt, and was not claimed as exempt, and, so far as appears, was not susceptible of such a claim, the order should be set aside. I agree with the referee as to the inadvisability of embarking upon hazardous and expensive litigation. It is well settled that a trustee in bankruptcy is not bound to accept property which will burden rather than benefit the estate. It is not his duty to accept title to property which he considers worthless, and his opinion may be based on the fact that assertion of ownership may involve a lawsuit of doubtful issue; but the simple practice necessary to effectuate a surrender of the title was not observed in this case. It seems that the referee may act without calling a meeting of the creditors, but it is said that "safe practice suggests that the creditors be consulted and their wishes observed." 2 Collier, p. 1743. The proof does not sustain the recital in the order that the trustee consented to its contents. The trustee says: "Trenholm and my agreement was that we would not prosecute the case and that we would not take any action whatever in regard to releasing it. If Mr. Fazakerly wanted to proceed I would not intervene but Mr. Trenholm and I agreed to sit still and do nothing."

In a nutshell, the gist of the creditors' complaint is that the bankrupt never listed this claim, no notice was ever given them about its abandonment, and the trustee never applied for authority to disclaim title to it as burdensome to the estate. The only person who asked for its release to the bankrupt was the attorney for the bankrupt himself, who, without written petition and without formal notice to any one, presented an order which provided for its full and complete release to the bankrupt as exempt property. There is not a word in the order and there was no proof before the referee that it was worthless. No claim is made before me that the bankrupt is entitled to claim the property as exempt, and none was made before the referee on the motion now under review; neither is there anything in the record to show that any claim was ever made before the referee that the property was exempt. I am, therefore, constrained to hold that, the property not being exempt, the order was ineffective to set it aside to the bankrupt as such, or to divest the trustee of such title, if any, as was conferred upon him under and by virtue of the bankruptcy law. There can be no question of estoppel by the trustee because the claim was not listed by the bankrupt, and the trustee was not fully advised as to the nature or merits of the claim or claims.

The decision of the referee is reversed, the order annulled, and the entire matter referred to the referee, with instructions to authorize the trustee to sell such title, if any, as he may have in said claim or claims as a part of the assets of the estate; subject to the approval of the referee, said sale to be made to best advantage, and without warranty of title, value, or validity, and without recourse on the trustee for any cause whatever.